**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRUCE LYNCH,<br><br>              Plaintiff,<br><br>v.<br><br>WEBER-STEPHEN PRODUCTS, LLC,<br>WEBER, INC., and AMAZON.COM<br>SERVICES, LLC,<br><br><br>              Defendant. | **COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL**<br><br> Case No.  2:26-cv-1952 |

Plaintiff, Bruce Lynch, files this Complaint against Defendants Weber-Stephen Products, LLC and Weber, Inc., and upon information and belief and based upon investigation of counsel, alleges as follows:

**INTRODUCTION**

1.      This is a personal injury case against Defendants Weber-Stephen Products, LLC, Weber, Inc., and Amazon.Com Services, LLC, (hereinafter, Defendants) who were responsible for designing, developing, researching, manufacturing, testing, packaging, promoting, marketing, advertising, distributing, labeling, and/or selling grill brushes containing defective and dangerous metal wire bristles, for the advertised and intended purpose of cleaning outdoor cooking grills and grill accessories.

2.      These brushes were manufactured, designed, and marketed by Defendants, and sold nationwide through the company directly and via retailers, including the online retailer Amazon.com Services, LLC (hereinafter, "Amazon.com").

PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

1

3. The defective and dangerous grill brushes were distributed and sold throughout the United States, despite Defendants knowing or having reason to know that the metal bristles could detach during ordinary use.

4. As a result of the defective nature of Weber grill brushes, Plaintiff, who purchased a Weber grill brush at Amazon.com, and used the Weber brush as intended, to clean grills and grilling equipment, was unwittingly and through no fault of his own, exposed to broken, defective, and dangerous metal wires and fragments.

5. Through ordinary and foreseeable use of the grill brush products, these metal wires broke and dislodged from the brush, and entered the plaintiff's right eye, which required medical treatment and excision, and which damaged and scarred plaintiff's cornea, all with attendant pain and suffering.

6. Defendants concealed and continue to conceal their knowledge of Weber brushes and their unreasonably dangerous risks from Plaintiff, other consumers, and the appropriate safety and regulatory authorities. Specifically, Defendants failed to adequately inform consumers and the Plaintiff about the magnified risk of metal wires and fragments breaking off from the brush and coming into unwanted contact with users.

7. As a result of Defendants' actions and inactions, Plaintiff was injured due to his ingestion of a metal shard, which required emergency treatment, and caused and will continue to cause Plaintiff's injuries and damages. Plaintiff accordingly seeks damages associated with these injuries and sequelae.

## JURSIDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $150,000, exclusive of interest and costs, and because there is complete diversity of citizenship between Plaintiff and all Defendants.

9.      Further, a substantial part of the events and omissions giving rise to Plaintiff's causes of action occurred in this district. Pursuant to 28 U.S.C. § 1391, venue is proper in this district.

## PLAINTIFF

10.     Plaintiff is a resident of Nassau County in the State of New York.

11.     Plaintiff owned and used a Weber grill brush (model no. 6494) from April 7, 2020 through April 1, 2023, using the product as intended to clean his outdoor cooking grill. The brush is still in his possession.

12.     He used no other grill brushes or other devices containing metal wires when cleaning his grill from the time of purchase through April 2023.

## DEFENDANT

13.     Defendants-Stephen Products, LLC, is a limited liability company duly organized pursuant to the laws of the State of Delaware with its headquarters located at 1415 South Roselle Road, Palatine, Illinois 60067.

14.     Weber, Inc., is the parent company of Weber-Stephen Products, LLC; it is a corporation duly organized pursuant to the laws of the State of Delaware with its headquarters located at 1415 South Roselle Road, Palatine, Illinois 60067.

15.     Weber designs, manufactures, markets, distributes, advertises, warrants, and sells grilling products, including grill brushes, throughout the United States, and in New York in particular.

16.     Defendant Amazon.com Services, LLC ("Amazon") is a limited liability company duly organized pursuant to the laws of the State of Delaware with its headquarters located at 410 Terry Ave North, Seattle, WA 98109.

17.     Amazon markets, distributes, warrants, and sells a variety of consumer products, including Weber grill brushes, via its retail website Amazon.com, throughout the United States and in New York in particular.

18.     In doing the acts alleged herein, said Defendants were acting in the course and scope of such agency, representation, joint venture, conspiracy, consultancy, predecessor agreement, successor agreement, service and employment, with knowledge, acquiescence, and ratification of each other.

19.     On information and belief, Defendants transacted and conducted business in the State of New York, and/or contracted to supply goods and services within the State of New York, and these causes of action have arisen from the same.

20.     On information and belief, at all relevant times, Defendants expected or should have expected that their acts would have consequences within the United States of America and the State of New York.

21.     On information and belief, at all relevant times, Defendants derived and derives substantial revenue from goods and products used in the State of New York and from interstate commerce.

22.     On information and belief, at all relevant times, Defendants committed tortious acts within the State of New York causing injury within the State of New York, out of which act(s) these causes of action arise.

## FACTUAL ALLEGATIONS

23.    Defendants Weber-Stephen Products, LLC and Weber, Inc. (collectively, "Weber"). are a major manufacturer of outdoor cooking equipment in the United States. Weber designs, manufactures, markets, and sells a variety of products, including outdoor grills, cooking equipment, and grilling accessories, brushes used for cleaning outdoor grills, and related equipment.

24.    Many of the Weber grill brushes were designed and manufactured with bristles comprised of metal wires. The metal-wire bristles were designed to come into direct contact with grills and other cooking equipment, for the purposes of dislodging char, food remnants, and grease from grills.

25.    Weber designed, manufactured, marketed, and sold several varieties of grill brushes containing the metal-wire bristles, under Model Numbers 6277, 6278, 6463, 6464, 6493, and 6494. Each model was intended to clean outdoor grills and grilling equipment.

26.    One such model, 6494, was manufactured by Weber from 2013-2021.[1] This grill brush has a 12" black plastic handle with black ring stamped with Weber grill logo and metal binder with Weber grill logo.

27.    Unbeknownst to the public, and to the Plaintiff in particular, the metal bristles in the Weber grill brushes described above could break or otherwise detach during and following ordinary and intended use of the product, causing a safety risk to consumers.

28.    Weber, and their retail sellers including Amazon, knew or should have known that the metal bristles in their grill brushes posed a health and safety risk to the public, and to the

---

[1] https://www.cpsc.gov/Recalls/2026/Weber-Recalls-Over-3-2-Million-Metal-Wire-Bristle-Grill-Brushes-Due-to-Ingestion-Hazard (Last accessed April 1, 2026).

PLAINTIFF'S COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

plaintiff in particular, but both Weber and Amazon failed at timely warning the public and removing the dangerous products from sale.

29.    Instead, Weber, Weber, and their retail sellers including Amazon, engaged in marketing, advertising, and promotion of the defective and dangerous grill brushes through online and print advertisements, in-store promotional materials, website listings, and product packaging, all touting the purported efficacy and supposed durable construction of the grill brushes, despite knowing or having reason to know that these statements were false.

30.    Weber guarantees "satisfaction" of their "quality" products, specifically those sold through authorized sellers such as Amazon.[2]

31.    On April 7, 2020, and at dates and times prior, Plaintiff saw advertisements and marketing materials and statements about Weber metal-bristled grill brushes, promoting the alleged safety, durability, and efficacy of the product, which influenced Plaintiff in his purchasing decisions and led him to choose a Weber wire-bristled grill brush.

32.    On April 7, 2020, Plaintiff purchased a Weber 12-inch three-sided grill brush from Amazon.com under Order no. 112-7008038-0676226.

33.    Upon information and belief, this brush is model number 6494, which was manufactured by Weber from 2013-2021.[3] This grill brush has a 12" black plastic handle with black ring stamped with Weber grill logo and metal binder with Weber grill logo.

34.    Plaintiff received the brush from Amazon in April 2020 and used the brush in its ordinary and intended manner of use: cleaning his outdoor cooking grill.

---

[2] https://www.weber.com/US/en/satisfactionguarantee.html (last visited April 1, 2026).
[3] https://www.cpsc.gov/Recalls/2026/Weber-Recalls-Over-3-2-Million-Metal-Wire-Bristle-Grill-Brushes-Due-to-Ingestion-Hazard (Last accessed April 1, 2026).

35.     On or shortly before April 1, 2023, Plaintiff used his Weber brush to clean his grill; shortly after which, a bristle from the subject brush broke off from the brush head entered the grill; upon removing food from the grill, the bristle struck the plaintiff in the eye and pierced his cornea.

36.     Plaintiff presented to an ophthalmologist who removed the foreign body from the right cornea and diagnosed the plaintiff with corneal scarring.

37.     Rust from the wire grill brush fragment had to be removed from the Plaintiff's right cornea over subsequent visits.

38.     Plaintiff's pain, suffering, corneal scarring, and sequelae continue.

39.     Defendants, directly or through their agents, apparent agents, servants, or employees designed, manufactured, marketed, advertised, distributed, promoted, and sold defective and dangerous metal-bristled grill brushes.

40.     Defendants knew or should have known that their metal grill brushes had a propensity to lose bristles or bristle fragments in the course of foreseeable, customary, and intended use.

41.     The Weber metal wire grill brushes, including model number 6494, as well as models 6277, 6278, 6463, 6464, and 6493 were formally recalled on February 26, 2026, with an advisory on the Consumer Product Safety Commission under recall number 26-282.[4]

42.     The recall advised of the hazard of "Small metal wire bristles can detach from the brushes[.]" *Id.*

43.     The recall notice further advised that "Consumers should immediately stop using the recalled grill brushes and contact Weber for a cold cleaning nylon bristle grill brush replacement. Consumers will be asked to discard the recalled grill brushes." *Id.*

---

[4] https://www.cpsc.gov/Recalls/2026/Weber-Recalls-Over-3-2-Million-Metal-Wire-Bristle-Grill-Brushes-Due-to-Ingestion-Hazard (Last accessed March 19, 2026).

44. Weber admitted that they were "aware of at least 38 reports and reviews where small wire bristles detached from the grill brushes, including four reports of consumers who swallowed metal bristles and sought medical treatment to remove the bristles from their digestive tract or throat." *Id.*

45. Unbeknownst to the general public, and to the Plaintiff in particular, consumers have been complaining to Weber, to retailers, and to government safety agencies for years prior to the sale of the particular product at issue here, and the plaintiff's resulting injury, without any action or warning on the part of Weber or their retailer Amazon.[5]

46. The products affected by the recall included the brush the Plaintiff purchased, as it encompassed grill brushes that were sold online and in stores at Lowe's, Home Depot, Ace Hardware, and Target, and online at Amazon and Weber.com from 2011 through 2026 for between $10 and $17. The products have also been found on resale sites, such as eBay.com. *See id.*

47. On February 26, 2026, Plaintiff's received an email from Amazon.com advising him of the recall of the brush from his April 7, 2020 order:

> We write to notify you of a potential safety concern with a product that you purchased on Amazon.com. Please review the Recalls and Product Safety Alerts page for further details: https://www.Amazon.com/your-product-safety-alerts
>
> Product: Weber 3-Sided Grill Brush, 12 Inch, Black
> Order ID: 112-7008038-0676226
>
> The U.S. Consumer Product Safety Commission (CPSC) has informed us that the product listed above may not meet current mandatory or voluntary safety standards.

48. Consumers, including the Plaintiff, who have used the Weber grill brushes to clean grills and other cooking implements had not been adequately warned about the significant risks of use of the product as intended, prior to the February 2026 recall.

---

[5] https://www.saferproducts.gov/PublicSearch/Detail?ReportId=1257243 (Last accessed March 19, 2026).

49.     Defendants, through their affirmative misrepresentations and omissions, actively concealed from Plaintiff the true and significant risks associated with using metal-bristled brushes as intended.

50.     Defendants concealed and continue to conceal their knowledge that metal-bristled grill brushes can cause injuries from the Plaintiff, other consumers, and the public at large.

51.     As a result of Defendants' actions and inactions, Plaintiff was injured due to his accidental ingestion of a metal bristle, which had adhered to a hamburger cooked on his grill, which caused and will continue to cause Plaintiff various injuries and damages. Plaintiff accordingly seeks damages associated with these injuries.

52.     As a direct result of ingesting this Weber metal bristle, Plaintiff has been permanently and severely injured.

53.     The Plaintiff, as a direct and proximate result of the defective product, suffered severe mental and physical pain and suffering and has and will sustain permanent injuries and emotional distress, along with economic loss due to medical expenses, all at an amount above the statutory minimum.

54.     Plaintiff would not have purchased or used a Weber metal-bristled wire grill brush had Defendants properly disclosed the risks associated with use of the product as intended.

### **Dangerous Design**

55.     The Weber grill brush was designed in such a way to render it defective and dangerous when used in an ordinary and foreseeable way.

56.     Even when used for its express and intended purpose, the Weber grill brush is defective and dangerous.

57.     The brushes at issue are comprised of metal wire bristles, which are thin and brittle, and can break or otherwise detach from the brush head in the normal course of use.

58.     The wire bristles are small, thin, and made of metal. The wire bristles can break or otherwise separate from the brush head with normal pressure from use. These small black wires are difficult to spot with the naked eye.

59.     The metal bristles pose risk of internal damage of bodily organs, including eyes.

60.     Despite these known hazards, the product was never redesigned to include safer or more secure bristles; Weber instead continued to make multiple versions of metal-bristled brushes, which all entered the stream of commerce through retailers such as Amazon.com.

61.     Safer alternative designs, which were reasonable, and feasible, existed and were known to Weber prior to April 7, 2020, when Plaintiff purchased the product, but defendants failed to implement design changes to make the product safer.

62.     Weber, and their retailers including Amazon.com, were on notice of the inherently dangerous nature of metal wire grill brushes, but continued to design, manufacture, market, distribute and sell the product without warning to the public or the plaintiff in particular.

**Fraudulent Concealment**

63.     The running of any statute of limitations has been tolled by reason of Defendants' fraudulent concealment. Defendants, through affirmative misrepresentations and omissions, actively concealed from Plaintiff and the general public the true risks associated with metal-bristled grill brushes.

64.     Weber, and its retail partners, including Amazon, promoted the wire-bristled grill brushes as safe, and effective grill cleaning tools, made with quality and durability in mind. The advertising emphasized durability and performance, holding out to the Plaintiff, and to the public, that the brushes were safe when used as intended.

65.     Prior to the February 2026 recall, Defendants failed to disclose in any public advertisement or notice, that ordinary use of the product put the public at risk of injury, that the

wire bristles are known to detach from the brush, and that the bristles may pose a risk to consumers. This represents deceptive and fraudulent marketing and advertising practices.

66.     As a result of Defendants' actions, Plaintiff and the public at large were unaware, and could not reasonably have known or have learned through reasonable diligence, that they had been exposed to the risks alleged herein and that those risks were the direct and proximate result of Defendants' acts and omissions.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of New York Deceptive Acts and Practices Law**
**New York General Business Law § 349**
**(As to All Defendants)**

67.     Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

68.     It is a violation of New York General Business Law Section 349 ("GBL § 349") to engage in "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

69.     The conduct of Defendants alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349.

70.     Defendants owed the public, and the plaintiff, a duty to accurately label, advertise, market and sell their products to consumers, which they violated through misleading and deceptive statements, actions, and omissions.

71.     Defendants failed to disclose material and necessary warnings to consumers about the safety and efficacy of the Weber wire-bristle grill brushes, and wrongfully warranted the products as durable, quality, effective and safe.

72.     Defendants made these misrepresentations negligently, as well as intentionally, recklessly, willfully and wantonly.

73.     These material misstatements caused plaintiff to purchase and use the defective product, which resulted in his injury.

74.     By reason of wrongful acts engaged in by the Defendants, the Plaintiff suffered ascertainable loss and damages for which the Plaintiff is now entitled to recover.

75.     As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiff was damaged by paying in whole or in part for the Weber grill brush and for his medical treatment. Plaintiff is now entitled to recover those damages.

76.     As a direct and proximate result of the Defendants' violations of unfair trade practices, the Plaintiff sustained economic losses and other damages, including treble damages, for which the Plaintiff is entitled to statutory and compensatory damages and attorneys' fees, in an amount to be proven at trial.

### SECOND CAUSE OF ACTION
**Violation of New York False Advertising Law**
**New York General Business Law § 350**
**(As to All Defendants)**

77.     Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

78.     It is a violation of New York General Business Law Section 350 ("GBL § 349") to engage in False advertising in the conduct of any business, trade, or commerce or in the furnishing of any service"

79.     GBL § 350-a provides that "false advertising" includes:

[L]abeling, of a commodity, or of the kind, character, terms, or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual.

80.     At all times relevant to the complaint herein, Defendants owed the public, and the plaintiff, a duty to accurately label, advertise, market and sell their products to consumers, which they violated through misleading and deceptive statements, actions, and omissions.

81.     At all times relevant to the complaint herein, Defendants' labeling, advertisements and marketing materials contained untrue and materially misleading statements and omissions concerning its wire-bristled grill brushes as they misrepresented that the grill brushes were safe for use and does not indicate that the bristles may loosen or detach during routine use, nor that the detached bristled posed a risk of injury to consumers.

82.     Defendants failed to disclose material and necessary warnings to consumers about the safety and efficacy of the Weber wire-bristle grill brushes, and wrongfully warranted the products as durable, quality, effective and safe.

83.     Defendants made these misrepresentations negligently, as well as intentionally, recklessly, willfully and wantonly.

84.     These material misstatements in the advertising, packaging, labeling, and promotional and marketing materials caused plaintiff and his family to purchase and use the defective product, and resulted and caused injury to the Plaintiff.

85.     Defendants' conduct constitute violations of N.Y. Gen. Bus. Law § 350.

86.     Defendants made the material misrepresentations described herein in its advertising and marketing materials, and on the grill brush's packaging and labeling.

87.     By reason of wrongful acts engaged in by the Defendants, the Plaintiff suffered ascertainable loss and damages for which the Plaintiff is now entitled to recover.

88.     As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiff was damaged by paying in whole or in part for the Weber grill brush and for the Plaintiff's medical treatment, and for his pain and suffering. Plaintiff is now entitled to recover those damages.

89.     As a direct and proximate result of the Defendants' violations of unfair trade practices, the Plaintiff sustained economic losses and other damages for which the Plaintiff is entitled to statutory and compensatory damages and attorneys' fees, in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### Negligent Misrepresentation
### (As to All Defendants)

90.     Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

91.     Defendants recklessly and/or negligently made false representations of material fact, including but not limited to claims that the Weber metal wire-bristled grill brushes were safe and effective consumer products fit to be used on and around cooking appliances and equipment. For example, Defendants claim that the brushes were "durable," "reliable," and made with

"quality" materials and that the devices were meant to be used on cooking grills and equipment. At all times relevant to the complaint herein, Defendants owed the public, and the plaintiff, a duty to accurately label, advertise, market and sell their products to consumers, which they violated through misleading and deceptive statements, actions, and omissions.

92.    At all times relevant to the complaint herein, Defendants' labeling, advertisements and marketing materials contained untrue and materially misleading statements and omissions concerning their wire-bristled grill brushes as they misrepresented that the grill brushes were safe for use and did not indicate that the bristles may loosen or detach during routine use, nor that the detached bristles posed a risk of injury to consumers.

93.    Defendants failed to disclose material and necessary warnings to consumers about the safety and efficacy of the Weber wire-bristle grill brushes, and wrongfully warranted the products as durable, quality, effective and safe.

94.    Defendants made these misrepresentations negligently, as well as intentionally, recklessly, willfully and wantonly.

95.    These material misstatements in the advertising, packaging, labeling, and promotional and marketing materials caused Plaintiff to purchase and use the defective product, and caused injury to the Plaintiff.

96.    Defendants made the material misrepresentations described herein in their advertising and marketing materials, and on the grill brush's packaging and labeling.

97.    By reason of wrongful acts engaged in by the Defendants, the Plaintiff suffered ascertainable loss and damages for which the Plaintiff is now entitled to recover.

98.    As a direct and proximate result of the Defendants' wrongful conduct, the Plaintiff was damaged by paying in whole or in part for the Weber grill brush and for his medical treatment. Plaintiff is now entitled to recover those damages.

99.    As a direct and proximate result of the Defendants' negligent misrepresentations, the Plaintiff sustained economic losses and other damages for which the Plaintiff is entitled to statutory and compensatory damages and attorneys' fees, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### Design Defect
### (As to the Weber Defendants)

100.    Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

101.    Plaintiff's damages were caused by characteristics of the Weber wire-bristle brushes designed by the Defendants that rendered the product unreasonably dangerous after a reasonably anticipated use of the products by Plaintiff making Defendants strictly liable to Plaintiff pursuant to New York products liability common law.

102.    On a date prior to the date of sale to the Plaintiff on April 7, 2020, and all relevant times before; Defendants defectively designed, manufactured, assembled, tested, marketed, distributed, advertised, and/or sold the subject wire-bristled grill brush, which was inherently unsafe due to its very design, which rendered the product unsafe from the moment it left the point of sale and was used by the consumer, including the plaintiff, as intended.

103.    Defendants had a duty to exercise reasonable care in the design of the grill brushes to avoid unreasonable, foreseeable risks of harm where safer, feasible alternatives existed.

104.    The choice to utilize metal wires as bristles, as well as other choices including the choice of handle and bristle head shape, all converged in a product that loses bristles when an ordinary and foreseeable amount of pressure is applied as intended, when using the brush to clean char and food remnants from grills and grilling equipment.

105.    The product as designed, will lose bristles through detachment and breakage, causing and allowing the metal bristles to unknowingly enter the bodies of unsuspecting persons.

106.    Viable, feasible, and safer alternative designs were readily available prior to April 7, 2020, when plaintiff purchased the product, including bristle-free scrapers; brushes with silicone bristles (or other materials less inclined to break and detach); better securing mechanisms to successfully secure bristles to the brush-head; and appropriate and accurate testing, labeling, and marketing.

107.    Defendants instead chose to continue producing and selling their defective and dangerous product, all to the damage of the plaintiff and the public.

108.    As a direct and proximate result of the aforesaid conduct of Defendants, plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

109.    That by reason of the foregoing, plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

110.    As a result of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

### FIFTH CAUSE OF ACTION
**Manufacturing Defect**
**(As to the Weber Defendants)**

111.    Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

112.    At all times herein mentioned, Defendants' metal-bristled grill brush was used in the manner expected and intended by the Plaintiff.

113.    The Defendants' metal-bristled grill brush was defective at the time of its manufacture, development, production, testing, inspection, endorsement, sale, and distribution, and at the time it left the possession of the Defendants, in that, and not by way of limitation, the products differed from the Defendants' intended result and intended design and specifications, and from other ostensibly identical units of the same product line.

114.    As a direct and proximate result of the aforesaid conduct of Defendants, plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

115.    That by reason of the foregoing, plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

116.    As a result of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

### SIXTH CAUSE OF ACTION
**Failure To Warn**

**(As to All Defendants)**

117. Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

118. That Defendants' subject products, which gave rise to the subject actualized hazard, were reasonably unsafe.

119. That Defendants knew or should have known that their subject products were unreasonably dangerous.

120. That Defendants had and breached a legal duty to inform, warn, or provide instructions involving their subject products, and the resultant subject hazards imposed, at any time relevant to their sale to end users.

121. That end users, such as the plaintiff, specifically as applied to the subject grill brush, had no way to ascertain on their own the unreasonably dangerous condition resulting from the subject hazard, because the subject hazard was not open and obvious, as the bristles and bristle fragments are small and difficult to see against the backdrop of a dark-colored grill and grill grates.

122. As a direct and proximate result of these Defendants' tortious conduct as set forth supra, Plaintiff suffered legal injuries.

123. As a direct and proximate result of the aforesaid conduct of Defendants, plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

124.    That by reason of the foregoing, plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

125.    As a result of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## SEVENTH CAUSE OF ACTION
### Strict Liability
### (As to All Defendants)

126.    Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein and further alleges as to Defendants as follows:

127.    On April 7, 2020, and all relevant times before, Defendants, defectively designed, manufactured, assembled, tested, serviced, and/or sold the subject grill brush and various components comprising, but not limited to, nearly every component or sub-component in the subject grill brush, which negatively and unsafely prevented the brush from operating as intended.

128.    Purportedly, Weber's design and engineering team has a wealth of experience in developing technically advanced products which are meant to be durable, reliable, safe and effective.

129.    From April 7, 2020 to April 1, 2023, and dates prior thereto, Defendants had knowledge, or should have had knowledge, of numerous accidents, incidents, and consumer injuries directly and proximately caused by the subject grill brushes.

130.    From April 7, 2020 to April 1, 2023, and dates prior thereto, despite their knowledge of the defective and dangerous nature of the product, Defendants did not reconfigure the design or manufacturing of the product; nor did they issue warnings or remove the product from the stream of commerce, all of which is directly and causally linked to the plaintiff's accident.

131. At all relevant times hereto, Defendants owed plaintiff the duty to design, manufacture, distribute, market, advertise, and sell the subject grill brush in a reasonably safe condition.

132. From April 7, 2020 to April 1, 2023, and dates prior thereto, Defendants breached their duty to the public, and the plaintiff in particular, in failing to mitigate the subject hazard in the particular grill brush at issue in this matter but also all Weber wire bristle grill brushes for sale and in use by the unsuspecting public, including the plaintiff.

133. As a direct and proximate result of these Defendants' tortious conduct as set forth supra, each and every plaintiff suffered separate, distinct, and individual legal injuries.

134. As a direct and proximate result of the aforesaid conduct of Defendants, plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

135. That by reason of the foregoing, plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

136. As a result of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## EIGHTH CAUSE OF ACTION
### Negligence
### (As to All Defendants)

137. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein and further allege as to Defendants as follows:

138.     That Defendants had a legally recognized duty and breached said duty to the Plaintiff to exercise due and reasonable care in the design, testing, manufacture, marketing, labeling, warnings, instructions, promotion, advertisement, distribution and sale of the subject grill brushes.

139.     This duty to the Plaintiff existed prior to the purchase of the product on or around April 7, 2020 and continued after sale of the product until and through to April 1, 2023, when the plaintiff was injured by the subject grill brush.

140.     Defendants breached their duty by negligently designing, testing, manufacturing, labeling, promoting, advertising, marketing, distributing, and selling a product that they knew or should have known was a defective and dangerous product when used in its normal, reasonable, foreseeable and intended manner, which they sent out into the stream of commerce and sold to the plaintiff without any proper warnings or instructions which would warn the plaintiff of the defective and dangerous nature of the product.

141.     Defendants further breached their duty to the plaintiff by failing to warn the plaintiff at any point after sale of the product, through a recall, warnings, alerts, or additional instructions, at any point from the date of sale around April 7, 2020  until the date of injury of the plaintiff on April 1, 2023, despite knowing or having reason to know the risks the product posed to consumers.

142.     That the product would break and become defective and dangerous was known to Defendants prior to both the date the plaintiff purchased and the date he was injured, and the ability to create a safer product, or at least warn the plaintiff of the risks of the product, was both reasonable and possible for Defendants, but they failed to take any measures to protect the Plaintiff, and the public, from the danger posed by the product.

143.    As a direct and proximate result of the aforesaid conduct of Defendants, Plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

144.    That by reason of the foregoing, plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

145.    As a result of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## NINTH CAUSE OF ACTION
### Breach Of Implied Warranty
### (As to All Defendants)

146.    Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

147.    Defendants are merchants that designed, manufactured, advertised, marketed, distributed, and sold the defective grill brush with the intended purpose of use as a cleaning implement for cooking grills and related equipment.

148.     An implied warranty arose that the grill brushes were fit for the ordinary purposes for which such goods are used, including safe cleaning of an outdoor cooking grill.

149.     The grill brush was not a merchantable product at the time of sale because of its inherently defective and dangerous nature, which posed risks to consumers when used in its normal, reasonable, and intended manner.

150.     Defendants knew or had reason to know of the defective and dangerous nature of the product, at all times prior to the sale of the product and continuing through when the plaintiff was injured on April 1, 2023, yet they took no steps to remediate the issue, replace the product with a safer alternative, recall the product, or warn the plaintiff or provide supplemental instructions to the plaintiff at a time when the injury could be prevented.

151.     Plaintiff purchased an authentic Weber wire-bristled grill brush through Weber's authorized retailer Amazon.com; as such, all requirements of privity are satisfied as the purchase was made through approved and official retail channels and/or because the Plaintiff was an intended beneficiary or third-parties of Defendants' warranties.

152.     Any purported warranty disclaimer or limitation is unenforceable because it was not conspicuous, is unconscionable given the undisclosed safety defect, and in all events any limited remedy failed of its essential purpose.

153.     Defendants had actual and constructive notice due to prior complaints from consumers regarding the defective and dangerous grill brush.

154.     As a direct and proximate result of the aforesaid conduct of Defendants, plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled

and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

155.    That by reason of the foregoing, plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

156.    As a result of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## TENTH CAUSE OF ACTION
### Breach Of Express Warranty
### (As to All Defendants)

157.    Plaintiff repeats, reiterates and re-alleges each and every allegation of this Complaint contained in the paragraphs above, with the same force and effect as if fully set forth herein.

158.    Defendants are merchants that designed, manufactured, advertised, marketed, distributed, and sold the defective grill brush with the intended purpose of use as a cleaning implement for cooking grills and related equipment.

159.    An express warranty arose that the grill brushes were fit for the ordinary purposes for which such goods are used, including safe cleaning of an outdoor cooking grill, due to the representations by Weber in their advertisements, marketing, and labeling of the product, in that the product was expressly represented to be durable, reliable, of quality, and safe.

160.    The grill brush was not a merchantable product at the time of sale because of its inherently defective and dangerous nature, which posed risks to consumers when used in its normal, reasonable, and intended manner.

161.    Defendants knew or had reason to know of the defective and dangerous nature of the product, at all times prior to the sale of the product and continuing through when the plaintiff

was injured on to April 1, 2023, yet they took no steps to remediate the issue, replace the product with a safer alternative, recall the product, or warn the plaintiff or provide supplemental instructions to the plaintiff at a time when the injury could be prevented.

162.    Defendants had a duty to expressly and explicitly warn of the risk of injury when using the product in a reasonable, foreseeable, and intended manner.

163.    Defendants further had a duty to disclose adverse material facts when making representations to the public at large, including Plaintiff, about the safety, durability, reliability, quality, and efficacy of the product.

164.    Plaintiff relied on the representations by Defendants that the product was safe for its intended purpose, and was induced to purchase and use the product based on these representations; and as a result, the plaintiff was seriously injured.

165.    Plaintiff had no knowledge of the true defective and dangerous nature of the products, which was known only to Defendants.

166.    Plaintiff justifiably and detrimentally relied on the warranties and representations of Defendants in the purchase and use of the product.

167.    Defendants had sole access to material facts concerning the defects, and Defendants knew that users, such as Plaintiff, could not have reasonably discovered such defects.

168.    By the conduct alleged, Defendants, their agents and employees expressly warranted to Plaintiff that the products were merchantable and fit for the purpose intended.

169.    This warranty was breached because the grill brush was actually not safe and effective as Defendants had represented, and Plaintiff suffered injuries as a result.

170.    Plaintiff purchased an authentic Weber wire-bristled grill brush through Weber's authorized retailer Amazon.com; as such, all requirements of privity are satisfied as the purchase

was made through approved and official retail channels and/or because the Plaintiff was intended beneficiaries or third-parties of Defendants' warranties.

171.    Any purported warranty disclaimer or limitation is unenforceable because it was not conspicuous, is unconscionable given the undisclosed safety defect, and in all events any limited remedy failed of its essential purpose.

172.    Defendants had actual and constructive notice due to prior complaints from consumers regarding the defective and dangerous grill brush.

173.    As a direct and proximate result of the aforesaid conduct of Defendants, plaintiff sustained serious, severe and permanent personal injuries and has been rendered sick, sore, lame and disabled and continues to be and remain sick, sore, lame and disabled; has been compelled and will continue to expend sums of money for hospital and medical care and treatment in an endeavor to cure himself of his injuries, pain and suffering, and was otherwise damaged.

174.    That by reason of the foregoing, plaintiff, was compelled to seek and obtain medical aid and attention and did necessarily pay and become liable therefore, for medicines and medical care and, upon information and belief, the plaintiff will necessarily incur further similar expenses.

175.    As a result of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants, as follows:

a. Awarding compensatory damages to the Plaintiff in an amount to be determined at trial;

b. Awarding plaintiff actual damages;

c. Treble damages pursuant to the New York General Business Law § 349;

d. Awarding pre-judgment and post-judgment interest to the Plaintiff;

e. Awarding the costs and the expenses of this litigation to the Plaintiff;

f.   For declaratory and equitable relief, including restitution and disgorgement;

g.   Awarding reasonable attorneys' fees and costs to the Plaintiff as provided by law;

h.   Awarding punitive damages to the Plaintiff;

i.   Granting all such other relief as the Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Bruce Lynch hereby demands a trial by jury on all counts and as to all issues.

Date: April 1, 2023

/s/ Hunter J. Shkolnik
Hunter J. Shkolnik
**NS PR LAW SERVICES, LLC**
1302 Avenida Ponce de Leon
Santurce, Puerto Rico 00907
(787) 493-5088
hunter@nsprlaw.com

/s/ Joseph L. Ciaccio
Joseph L. Ciaccio
**NAPOLI SHKOLNIK PLLC**
400 Broadhollow Road
Melville, New York 11747
(212) 397-1000
jciaccio@napolilaw.com

*Attorneys for Plaintiff*